IN THE DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY

**RUBENIA RAUDA DE HERNANDEZ**  :
9920 Georgia Avenue Apt. 4
Silver Spring, Maryland 20902
                                                                 :  Civil No.
    *Plaintiff,*                       :

    vs.                                          :

**WASHINGTON METROPOLITAN**        :
**AREA TRANSIT AUTHORITY**
600 5TH Street, NW                             :
Washington, DC 20001
                                                                 :
    SERVE: Registered Agent          :
           Carol O'Keefe, Esquire
           General Counsel           :
           WMATA
           600 5TH Street, NW        :
           Washington, DC 20001
    and                                          :

**B&B CONSTRUCTION GROUP LLC**    :
9735 Royal Crest Circle
Rockville, Maryland 20850                 :

    SERVE: Registered Agent          :
           B&B Construction Group     :
           51 Monroe Street
           Suite 1405                         :
           Rockville, Maryland 20850  :
                                                                 :
    *Defendants.*                     :

## COMPLAINT

Comes now the Plaintiff, Rubenia Rauda De Hernandez, by and through her attorneys, Jonathan R. Carroll and Jezic, Krum & Moyse, LLC, and hereby brings their cause of action against Defendant, State Farm Insurance and in support thereof states as follows:

### Jurisdiction

1. Jurisdiction of this Court is based on Title VI, Courts and Judicial Proceedings Article, Sections 103 and 202 of the Annotated Code of Maryland.

## Parties

2. Plaintiff Rubenia Rauda De Hernandez is an adult and, at all relevant times hereto, a resident of Montgomery County, Maryland.

3. Defendant Washington Metropolitan Area Transit Authority is a government agency that conducts business in Maryland, Virginia, and Washington, DC and whose resident agent is located

4. Defendant B&B Construction Group, LLC is company registered to conduct business in Maryland.

## Factual Background

5. On or about November 18, 2011 Plaintiff Rauda De Hernandez was a passenger on a Washington Metropolitan Area bus that was traveling Northbound on Georgia Avenue near the intersection with Seminary Road.

6. Plaintiff De Hernandez was standing on the bus, holding onto a pole.

7. An automobile owned by Defendant B&B was driving ahead of the WMATA bus. Suddenly and without warning, the operator of Defendant B&B's vehicle slammed on its brakes, stopping suddenly.

8. The driver of the bus suddenly slammed on his brakes causing Plaintiff De Hernandez to fall forward and strike her face on the pole.

## COUNT I NEGLIGENCE
### (Rubenia Rauda De Hernandez v. WMATA)

9. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 8 as if restated verbatim herein.

10. The operator of Defendant WMATA's bus owed a duty to operate its vehicle in a safe manner, free from negligence and with due regard for the safety of other persons.

11. The operator of Defendant WMATA's bus breached that duty by, *inter alia*, (a) failing to pay full time and attention to the traffic conditions then and there in effect; (b) failing to operates its bus in a safe manner; (c) failing to take steps to avoid a collision; (d) failing to keep a proper distance from other cars; (e) following too closely; (f) failing to keep a proper lookout; (g) failing to maintain a proper speed and (h) negligently operating his vehicle, causing a collision with the Plaintiff.

12. As a proximate result of the negligent acts of each and every Defendant and through no contributory negligence on the part of Plaintiff De Hernandez suffered and will continue to suffer serious physical injuries to his arms, neck and back, back as well as and great pain and suffering.

13. As a direct result of the aforesaid injuries, Plaintiff De Hernandez has incurred, and shall in the future continue to incur loss of income, and hospital, medical and nursing care expenses. Plaintiff De Hernandez also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

14. Upon information and belief, The operator of Defendant WMATA's bus was acting within the scope of his or her employment at the time of the subject incident.

15. At all times relevant hereto, Plaintiff De Hernandez acted with due care and without negligence.

WHEREFORE, the Plaintiff, De Hernandez, demands judgment jointly and severally against the Defendants, WMATA in the sum of THIRTY THOUSAND DOLLARS ($15,000.00) in compensatory damages, with interests and costs.

## COUNT II NEGLIGENCE
(Rubenia Rauda De Hernandez v. B&B CONSTRUCTION)

16. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 6 as if restated verbatim herein.

17. The operator of Defendant B&B Construction's vehicle owed a duty to operate his vehicle in a safe manner, free from negligence and with due regard for the safety of other persons. Defendant also owed a duty to move his car from the lane of travel.

18. Upon information and belief, he operator of Defendant B&B Construction's vehicle was operating his or her vehicle within the scope of employment with Defendant B&B.

19. Defendant B&B Construction breached that duty by, *inter alia*, (a) stopping abruptly; (b) failing to pay full time and attention to the traffic conditions then and there in effect; (c) failing to take steps to avoid a collision; (d) failing to keep a proper distance from other cars; (e) leaving his car stopped in a lane of travel and (f) negligently operating his vehicle, causing a collision with the Plaintiff.

20. Defendant B&B Construction owed a duty to operate his vehicle in a safe manner, free from negligence and with due regard for the safety of other persons. Defendant also owed a duty to move his car from the lane of travel.

21. Defendant B&B Construction breached that duty by, *inter alia*, (a) following too closely; (b) failing to pay full time and attention to the traffic conditions then and there in effect; (c) failing to take steps to avoid a collision; (d) failing to keep a proper distance from other cars; (e) leaving his car stopped in a lane of travel; (f) failing to stop; (g) failing to keep a proper lookout; and (h) negligently operating his vehicle, causing a collision with the Plaintiff.

22. As a direct result of the aforesaid injuries, Plaintiff Rubenia Rauda De Hernandez has incurred, and shall in the future continue to incur loss of income, and hospital, medical and nursing care expenses. Plaintiff Rubenia Rauda De Hernandez also has suffered, and shall

continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

23. At all times relevant hereto, Plaintiff Rubenia Rauda De Hernandez acted with due care and without negligence.

WHEREFORE, the Plaintiff, Rubenia Rauda De Hernandez, demands judgment jointly and severally against the Defendant, B&B Construction Group, in the sum of Fifteen THOUSAND DOLLARS ($15,000.00) in compensatory damages, with interests and costs.

Respectfully submitted,

Jonathan R. Carroll
Jezic, Krum & Moyse, LLC
2730 University Boulevard West, Suite 604
Wheaton, Maryland 20902
(240) 292-7200